FILED
SUPERIOR COURT
OF GUAM

2018 MAR 20 PM 3: 27

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ALBERT JOHN BALAJADIA and WILLIAM L. GAVRAS, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF GUAM <br><br> Defendant. | CIVIL CASE NO. CV 0183-15 <br><br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 29, 2017, upon remand by the Guam Supreme Court on Defendant's Motion for Summary Judgment. Attorney William L. Gavras appeared on behalf of the Plaintiffs. Defendant Government of Guam were represented by Assistant Attorney General David Highsmith. For the reasons set forth below, the Court DENIES Defendant's Motion for Summary Judgment on the remanded issue on the existence of Plaintiffs' contingency fee agreement.

## BACKGROUND

Plaintiff Balajadia filed a claim with the Workers' Compensation Commission ("WCC") on July 27, 2011, seeking compensation from the Government of Guam ("Government") for injuries sustained in a car accident while employed with the Guam Police Department. On October 9, 2011, Plaintiff Balajadia settled his claim with the WCC for $11,647.13.

Plaintiff Balajadia also hired Plaintiff Gavras for representation against the other driver of the car accident ("the other driver"). The other driver's insurance company settled Plaintiff Balajadia's lawsuit for the automobile insurance policy limit of $25,000. All of the funds recovered from the insurance company in excess of $11,647.13, were distributed between Plaintiffs Balajadia and Gavras according to a prearranged contingency fee agreement.

In March 2015, Plaintiffs filed an interpleader complaint against the Government asserting their right to the $11,647.13 at issue. Plaintiffs argued that Plaintiffs had the ability to receive the $11,647.13 due to the prearranged fee agreement and the fact that the $11,647.13 from the WCC and $25,000 from the insurance company had not made Plaintiff Balajadia whole.

The Government filed an answer asserting its right to the disputed $11,647.13 as the Government paid all of Plaintiff Balajadia's medical bills through the WCC. Further, the Government argued that 22 GCA § 9134, created a right of subrogation.

The Government filed its Motion for Summary Judgment on August 24, 2015. Plaintiffs filed their Opposition to the Government's Motion for Summary Judgment on September 22, 2015, and the Government filed its Reply on September 25, 2015.

On January 15, 2016, the Honorable James L. Canto II, issued a decision and order granting summary judgment on behalf of the Government, and entered Judgment on March 8, 2016.

On March 30, 2016, Plaintiffs filed their Notice of Appeal with the Guam Supreme Court. On April 10, 2017, the Supreme Court issued its opinion affirming in part and reversing in part Judge Canto's decision and order. On June 2, 2017, the Supreme Court issued its Mandate ordering the trial court to reexamine the issues of whether a contingency fee agreement between Plaintiffs existed, and whether Plaintiff Gavras was entitled to collect such a fee.

The remanded issues were assigned to the Court on June 5, 2017. During a hearing on December 14, 2017, Plaintiff Gavras represented to the Court that he could file the disputed fee agreement. The Court ordered Plaintiff Gavras to file the fee agreement by December 28, 2017.

Plaintiff Gavras filed the fee agreement as part of a declaration on December 22, 2017, and on December 29, 2017, the Court took this matter under advisement.

## DISCUSSION

### A. Standard for Adjudicating a Motion for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Guam R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Rule 56(c) of the GRCP further mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U .5. at 322. A genuine issue of material fact exists if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder. Guam Pac Enter., Inc. v. Guam Poresia Corp. et al., 2007 Guam 22 n.8 (citing Iizuka Corp. v. Kawasho Int'l (Guam). Inc., 1997 Guam 10 ¶ 7). The factual dispute must also concern a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id.

If the movant demonstrates a lack of a genuine issue of material fact, "the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Edwards v. Pacific Fin. Corp. et al., 2000 Guam 27 n. 7 (citations omitted). Thus, the ultimate inquiry for the Court is "whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." Bank of Guam v. Flores, 2004 Guam 25 n.7. In determining a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." Id.

### B. Plaintiffs Entered Into Contingency Fee Agreement

The first issue upon remand is whether Plaintiffs entered into a contingency fee agreement in Plaintiff Balajadia's personal injury action against the other driver. The Supreme

Court found that Judge Canto's decision and order inadequately addressed the issue of whether such a contingency fee agreement existed. Although Plaintiff Gavras stated in a declaration that the Plaintiffs entered into a contingency fee contract for representation in Plaintiff Balajadia's tort claim, Plaintiff Gavras did not provide any evidence to support his declaration. Albert J. Balajadia and William L. Gavras v. Gov't of Guam, 2017 Guam 1 ¶ 19. The Supreme Court further noted that the Government did not oppose "the form or substance of the declaration other than to argue generally that Balajadia offered 'no evidence' to defeat its motion for summary judgment." Id.

Plaintiff Gavras filed his contingency fee agreement with Plaintiff Balajadia on December 22, 2017, as Exhibit H of his Declaration. See Decl. of William L. Gavras in Opp'n to Def's Mot. for Summ. J. ("Gavras Decl.") Ex. H (Dec. 22, 2017). Plaintiff Balajadia and Plaintiff Gavras entered into the fee agreement on July 23, 2013, for "legal services in Guam in connection with a motor vehicle accident on June 23, 2011 against Responsible drivers, their insurance underwriters, including but limited to Matthew J. Duran and USAA." Id. The fee agreement included a fee schedule which assigned percentages for certain benchmarks in money recovered to be paid to Plaintiff Gavras.

Having reviewed the filed fee agreement, the Court finds that a contingency fee agreement existed between Plaintiffs. Therefore, the Court DENIES Defendant's Motion for Summary Judgment on the remanded issue on the existence of Plaintiffs' contingency fee agreement. Because the remanded issue of whether Plaintiff Gavras has a right to collect the contingency fee exists outside the scope of Defendant's Motion for Summary Judgment, the Court declines to examine this issue.

## CONCLUSION

For the reasons set forth above, the Court finds that a contingency fee agreement existed between Plaintiffs. Therefore, the Court DENIES Defendant's Motion for Summary Judgment on the remanded issue on the existence of Plaintiffs' contingency fee agreement. Because the remanded issue of whether Plaintiff Gavras has a right to collect the contingency fee exists

outside the scope of Defendant's Motion for Summary Judgment, the Court declines to examine this issue.

MAR 2 0 2018

**IT IS SO ORDERED this** _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
N GAVRAS
AG - D. Highsmith
Date 3-20-18 Time: 3:30 pm
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam